Kenneth S. Kasdan, SBN 71427
kkasdan@kasdancdlaw.com
Graham B. LippSmith, SBN 221984
glippsmith@klwtlaw.com
Jaclyn L. Anderson, SBN 258609
janderson@klwtlaw.com
**KASDAN LIPPSMITH WEBER
TURNER LLP**
360 East 2nd Street, Suite 300
Los Angeles, CA  90012
Tel: 213-254-4800
Fax: 213-254-4801

Jeffrey D. Kaliel, SBN 238293
jkaliel@kalielpllc.com
Sophia Goren Gold, SBN 307971
sgold@kalielpllc.com
**KALIEL PLLC**
1875 Connecticut Avenue NW
10th Floor
Washington, D.C. 20009
Tel: 202-350-4783

Manuel S. Hiraldo, *Pro Hac Vice*
mhiraldo@hiraldolaw.com
**HIRALDO P.A.**
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Tel: 954-400-4713

*Attorneys for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GEORGE W. WOOLLEY, TAMMY S. WOOLLEY, ANTHONY LOOK, JR., KIMBERLY LOOK, ALEJANDRO MARCEY, and FELICIA MARCEY, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>YGRENE ENERGY FUND, INC.; YGRENE ENERGY FUND FLORIDA, LLC; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.:  2:20-mc-00049<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICES** |

**<u>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICES</u>**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL:

NOTICE IS HEREBY GIVEN that Plaintiffs, George W. Woolley, Tammy S. Woolley, Anthony Look, Jr., Kimberly Look, Alejandro Marcey, and Felicia Marcey ("Plaintiffs") will, and hereby do, move for an order compelling third party Willdan Financial Services ("Willdan") to serve further, supplemental responses with production of documents to Plaintiffs' July 2, 2019 Subpoena to Produce Documents, Information, or Objects ("7/2/19 Subpoena") and Plaintiffs' August 15, 2019 Subpoena to Produce Documents, Information, or Objects ("8/15/19 Subpoena") pursuant to Rule 45 of the Federal Rules of Civil Procedure.

The motion will be based on this notice of motion, the Memorandum of Points and Authorities below, the Subpoenas to Produce Documents, Information, or Objects to Willdan Financial Services, the declaration of Jaclyn L. Anderson, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated:  April 27, 2020       **KASDAN LIPPSMITH WEBER TURNER LLP**

By:    /s/ *Graham B. LippSmith*
GRAHAM B. LIPPSMITH
JACLYN L. ANDERSON

**KALIEL PLLC**
JEFFREY D. KALIEL
SOPHIA GOREN GOLD

**HIRALDO P.A.**
MANUEL S. HIRALDO

Attorneys for Plaintiffs and the Classes

1

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    PROCEDURAL BACKGROUND ....................................................................... 3

IV.     ARGUMENT ....................................................................................................... 3

        A.      Legal Standard ........................................................................................ 3

        B.      Willdan's Boilerplate Objections to the 7/2/19 Subpoena are Insufficient and Unjustified ........................................................................................................ 4

        C.      Willdan Waived Objections to the 8/15/19 Subpoena ............................ 6

        D.      Plaintiffs Have a Legitimate Need to Obtain Documents from Willdan .......... 8

        E.      Willdan's Counsel Failed to Meet and Confer ..................................... 20

V.      CONCLUSION .................................................................................................. 22

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Ensign*, 2014 U.S. Dist. LEXIS 91972 (S.D. Cal. 2014)............................ 7

*Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568 (D. NM. 1998) ................................. 6

*Fosselman v. Caropreso*,
    N. C 09-0055 PJH (PR), 2011 WL 999549 (N.D. Cal. Mar. 18, 2011)................... 5

*Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962 (E.D. Cal. 2012)............................ 4

*McCoy v. Southwest Airlines, Inc.*, 211 F.R.D. 381 (C.D. Cal. 2002)...................... 7

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) ............................. 4, 8

*Torres v. County of Orange*, 2004 U.S. Dist. LEXIS 31217 (C.D. Cal. 2004) ...................... 6

*Unigene Laboratories, Inc. and Upsher-Smith Laboratories, Inc. v. Apotex, Inc. and Apotex
    Corp.*, Case No. 3:07-mc-80218, Dkt. No. 26 (N.D. Cal. Oct. 10, 2007) ........................ 4

*Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999) ................ 5, 20

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................ 3

*West v. Pico Furniture Co. v. Super. Ct.*, 56 Cal.2d 407 (1961) ............................. 5

*Williams v. Super. Ct.*, 3 Cal.5th 531 (2017) .............................................. 4, 5

**Rules**

Fed. R. Civ. P. 26(b)(1).................................................................. 4

Fed. R. Civ. P. 45(a)(1)(c).............................................................. 4

Fed. R. Civ. P. 45(c)(2)(B) .......................................................... 6, 7

Fed. R. Civ. P. 45(d)(2).................................................................. 4

Fed. R. Civ. P. 45(e)(1)(D) .......................................................... 5, 6

Fed. R. Civ. P. 45(g) ..................................................................... 4

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs in this case brought claims against Ygrene Energy Fund, Inc. and Ygrene Energy Fund Florida, LLC (collectively, "Ygrene") stemming from Ygrene's wrongful business practices in administering Property Assessed Clean Energy ("PACE") home improvement loans.[1] Specifically, Plaintiffs take issue with Ygrene's (1) falsely representing to consumers that its PACE loans could transfer with homes—as opposed to homeowner—upon sale or refinance without having to be immediately repaid; (2) omitting that lenders in virtually every real estate transaction requires PACE loan prepayment for a sale or refinance; and (3) failing to inform consumers that PACE loan prepayment triggers surprise fees that Ygrene failed to adequately disclose. Ygrene's misleading representations and omissions duped Plaintiffs—like thousands of other California and Florida consumers—into encumbering their homes with Ygrene loans that they would only later learn do not transfer with their properties during sales or refinances. Ygrene customers are also surprised to learn that prepayment costs them in the form of steep prepayment penalties and several surprise fees after they were forced into prepayment, including a Payoff Statement Fee, an Administrative Fee, and an Escrow/Custodial Fee.

Nonparty Willdan Financial Services ("Willdan") administers and facilitates Ygrene's PACE financing, including by collecting payments, issuing Parcel Payoff Statements for borrowers wanting to prepay their Ygrene obligations, and collecting fees in conjunction with facilitating the Ygrene loans. Plaintiffs have requested information pertaining to fees charged to borrowers, including prepayment penalties, and the bases for these fees, but Ygrene has not provided the information, claiming undue burden and taking the position that discovery should be stayed until after class certification proceedings are completed. Ygrene has also claimed that it does not maintain certain records or have firsthand knowledge of certain fees charged because they are generated or administered by Willdan.

Plaintiffs went to the claimed source of this information and issued two subpoenas to Willdan: The first subpoena, dated July 2, 2019, generally requests documents pertaining to fees

1

¹ *Williams et al. v. Ygrene Energy Fund, Inc. et al.*, Case No. 3:17-cv-01258 (N.D. Cal.).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

charged to Ygrene borrowers ("7/2/19 Subpoena"), and the second, dated August 15, 2019, asks for records of transfers of Ygrene PACE obligations between homeowners ("8/15/19 Subpoena") (collectively, "the Subpoenas"). Plaintiffs claim Ygrene's PACE loan financing imposed unreasonable fees to borrowers, and the documents pertaining to these fees would further define the data available for ascertaining the class period(s) and available damages calculations. In addition, the issue of transferability is significant to Plaintiffs' contention that Ygrene's promises of transferability are false because transferring the Ygrene financing between owners is essentially and practically a fiction. As the administrator of several aspects of Ygrene's PACE loan financing, Willdan is in the best position to provide information about any instances in which it collected payments from a new property owner without having also administered a prepayment.

Willdan provided only boilerplate objections to the 7/2/19 Subpoena and initially failed to respond to the 8/15/19 Subpoena, waiving objections to those requests. In addition, Willdan has failed to meaningfully meet and confer with Plaintiffs' counsel about the Subpoenas. Accordingly, Plaintiffs request that the Court issue an Order directing production of documents in compliance with the 7/2/19 Subpoena and 8/15/19 Subpoena and deeming objections to the latter subpoena waived.

## II.   FACTUAL BACKGROUND

Plaintiffs contend Ygrene unfairly and improperly charged various fees in connection with its PACE Loans for home improvement projects and that it misrepresented its PACE Loans as transferable upon property sale by claiming the obligations can stay with the encumbered properties. *See* Second Amended Complaint, Dkt.[2] No. 44. Through discovery, Plaintiffs learned that Ygrnee engaged a third party, Willdan Financial Services, to collect payments on the Ygrene PACE Loans, and that Willdan collected the fees complained of in this case, issued parcel payoff statements to Ygrene borrowers, and collected prepayment penalties assessed to Ygrene borrowers. Declaration of Jaclyn L. Anderson ("Anderson Dec.") ¶ 3.

---

[2] All docket references herein refer to the docket for *Woolley, et al. v. Ygrene, et al.*, Case No. 3:17-cv-01258-

1    Plaintiffs sought discovery pertaining to the fees, payoff statements, prepayment

2 penalties, and communications with Willdan from Ygrene (*see* Anderson Dec. ¶ 2, Ex. A).

3 Ygrene has claimed it does not have certain records or have firsthand knowledge of certain fees

4 charged because they are administered by Willdan. *Id*. ¶ 3. Ygrene has also stalled discovery,

5 claiming production should only be required after class certification proceedings are completed.

6 *See* Dkt. Nos. 90, 113.

7    Having been told by Ygrene that Willdan is in possession of the requested documents

8 pertaining to Willdan's role in administering Ygrene's PACE Loans, Plaintiffs issued a subpoena

9 for 21 document requests to Willdan on July 2, 2019. Anderson Dec. ¶¶ 4-5, Ex. B. Plaintiffs

10 served a second subpoena for documents pertaining to the transferability of Ygrene's PACE

11 Loans on August 15, 2019, which is comprised of five additional document requests. *Id*. at ¶ 11,

12 Ex. F.

13 **III.    PROCEDURAL BACKGROUND**

14    The underlying case has been pending before Judge Laurel Beeler in the Northern

15 District Court of California since March 2017. Although Judge Beeler initially granted class

16 certification, Ygrene filed a Motion for Reconsideration, and that motion was granted. In

17 granting the Motion for Reconsideration, Judge Beeler indicated she intends to "issue an order

18 that more specifically addresses the evidence submitted in support of the class-certification

19 motion." Dkt. 229. Judge Beeler has not yet entered an amended class certification order.

20 Discovery is ongoing and is not stayed pending a final, amended ruling on the motion for class

21 certification. Further, despite Ygrene's frequent refusal to produce any "class discovery" prior to

22 a ruling on the motion for class certification, discovery in this case was never bifurcated, and

23 Judge Beeler has acknowledged that *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), would

24 forestall bifurcation. Dkt. 184.

25 **IV.    ARGUMENT**

26    **A.    Legal Standard**

27    Under Rule 45(a)(1)(c) of the Federal Rules of Civil Procedure, a party may serve a

28 subpoena commanding a non-party "to produce and permit inspection and copying of"

3

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1  documents. Fed. R. Civ. P. 45(a)(1)(c). "The subpoena is subject to the relevant requirements set

2  forth in Rule 26(b). Thus, the subpoena may command the production of documents which are

3  'not privileged' and are 'relevant to the subject matter' or 'reasonably calculated to lead to the

4  discovery of admissible evidence.'" Order by Hon. Susan Illston, *Unigene Laboratories, Inc. and*

5  *Upsher-Smith Laboratories, Inc. v. Apotex, Inc. and Apotex Corp.*, Case No. 3:07-mc-80218,

6  Dkt. No. 26 (N.D. Cal. Oct. 10, 2007) (internal citation omitted), *quoting* Fed. R. Civ. P.

7  26(b)(1). The non-party served with the subpoena may serve written objections to the subpoena

8  before "the time specified for compliance or 14 days after the subpoena is served," after which

9  the party serving the subpoena may "may move the court for the district where compliance is

10  required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2). The Court

11  may hold the non-party in contempt if it "fails without adequate excuse to obey the subpoena or

12  an order related to it." Fed. R. Civ. P. 45(g).

13  **B.  Willdan's Boilerplate Objections to the 7/2/19 Subpoena are Insufficient and**

14  **Unjustified**

15  In its response to the 7/2/19 Subpoena, Willdan lodged numerous, boilerplate objections

16  in response to each document request, including objections asserting privilege and a right to

17  privacy. Anderson Dec. ¶ 6, Ex. C. Such boilerplate objections are disfavored and should not be

18  relied upon where there exists a legitimate privilege. *Marti v. Baires*, 2012 U.S. Dist. LEXIS

19  77962 at *18-19 (E.D. Cal. 2012). Plaintiffs requested that Willdan "describe the nature of the

20  withheld documents, communications, or tangible things in a manner that, without revealing

21  information itself privileged or protected, will enable the parties to assess the claim" of privilege

22  in a privilege log pursuant to Rule 45, but it has not done so.

23  Willdan also asserts nonspecific privacy concerns, but even if Willdan can articulate a

24  legitimate right to privacy, that right will be balanced against Plaintiffs' need for the requested

25  information. *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995). And as the party

26  asserting the privacy interest, it is Willdan's burden to "establish its extent and the seriousness of

27  the prospective invasion." *Williams v. Super. Ct.*, 3 Cal.5th 531, 557 (2017). Moreover, any need

28  to maintain Willdan's privacy is mitigated by the Stipulated Protective Order (Dkt. No. 56).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1    entered in this case and provided to Willdan on August 1, 2019, which states that "any non-party

2    producing information or material voluntarily or pursuant to a subpoena" may designate

3    confidential or other commercially sensitive information as "CONFIDENTIAL" prior to or

4    within 10 days of production. Other, more specific designations are also available, depending on

5    the nature of the private information. Plaintiffs provided Willdan with the Protective Order on

6    August 1, 2019. Anderson Dec. ¶ 7, Ex. D. Plaintiffs have pressed Willdan on its claim that

7    producing documents would violate privacy interests, noting that it has not identified any privacy

8    concerns that cannot be satisfactorily addressed by the previously provided Protective Order. *Id.*

9    ¶ 17, Ex. K.

10          In addition, Willdan cannot rest on its boilerplate objections that each and every request

11    is "burdensome and oppressive." As the nonparty claiming that the requests are burdensome and

12    oppressive, Willdan bears the burden of showing "that the information is not reasonably

13    accessible because of undue burden or cost." Fed. R. Civ. Proc. R. 45(e)(1)(D). Plaintiffs

14    requested that Willdan indicate how complying with each of Plaintiffs' requests is an undue

15    burden with sufficient specificity to allow the parties to assess the claim of burden and to meet

16    and confer as to any legitimate concerns identified, but Willdan has not done so. *See* Anderson

17    Dec. ¶¶ 7, 16, Exs. D, J. Judge Beeler has rightly found similar objections by Ygrene to be "too

18    conclusory for the court to evaluate," citing *Walker v. Lakewood Condo. Owners Ass'n*, 186

19    F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

20    tantamount to not making any objection at all"), and noting that "Ygrene does not explain, for

21    example, why 'each interrogatory or request for production is not relevant or how each question

22    is overly broad, burdensome or oppressive,'" citing *Fosselman v. Caropreso*, N. C 09-0055 PJH

23    (PR), 2011 WL 999549, at *8 (N.D. Cal. Mar. 18, 2011). Dkt. No. 184.

24          Further, Willdan fails to satisfy its burden of showing how producing documents

25    pursuant to the Subpoenas would constitute an undue burden. "An 'objection based upon burden

26    must be sustained by evidence showing the quantum of work required.'" *Williams v. Super. Ct.*,

27    3 Cal.5th 531, 549 (2017), *quoting West v. Pico Furniture Co. v. Super. Ct.*, 56 Cal.2d 407, 417

28    (1961). Willdan also bears the burden of showing "that the information is not reasonably

5

1    accessible because of undue burden or cost." Fed. R. Civ. Proc. R. 45(e)(1)(D). The "burdens"

2    Willdan described by letter are non-specific and do not describe anything other than the normal

3    and ordinary process of searching for and reviewing records to produce documents. *See*

4    Anderson Dec. ¶ 17, Ex. K. In addition, Willdan's cited "several thousand pages" is hardly a

5    massive undertaking, especially for today's record-dense litigation that most often includes

6    electronically stored information. *Id*. Moreover, Willdan has not provided any information about

7    whether it maintains searchable data in its business or other information that would inform the

8    parties and the Court about what Willdan would need to do to comply with the Subpoenas.

9            Finally, Willdan's claim that it should not be bothered to produce documents responsive

10   to the Subpoenas unless and until class certification proceedings are complete is without basis.

11   First, Willdan has not and cannot provide any legal authority to support its position that it does

12   not need to comply with valid subpoenas until class certification proceedings are complete. As

13   noted above, merits and class discovery have not and cannot be bifurcated. Second, the

14   Subpoenas request information that bears relevance to the class certification proceedings.

15   Documents pertaining to the surprise fees charged and collected by Willdan would further define

16   the data available for ascertaining the class and the damages calculations available. Third, Judge

17   Beeler has indicated that a class or classes will be certified by stating that she intends to amend

18   the class certification order, not abandon it altogether. Thus, any argument that Willdan does not

19   need to produce documents absent a certified class is also moot.

20           **C.    Willdan Waived Objections to the 8/15/19 Subpoena**

21           Willdan had 14 days to respond to the 8/15/19 Subpoena and assert any objections to that

22   subpoena. Fed. R. Civ. P. 45(c)(2)(B). Willdan did not serve objections until a month later on

23   September 16, 2019. Anderson Dec. ¶ 14, Ex. H. "The law is clear that a nonparty can waive her

24   objections if she fails to timely object to a subpoena to produce documents under Fed. R. Civ. P.

25   45(c)(2)(B)," which requires a responding party to raise objections "the earlier of the time

26   specified for compliance or 14 days after the subpoena is served." *Torres v. County of Orange*,

27   2004 U.S. Dist. LEXIS 31217, *18 (C.D. Cal. 2004), *citing, e.g., Creative Gifts, Inc. v. UFO*,

28   183 F.R.D. 568, 570 (D. NM. 1998) ("By failing to object within the time permitted by the

6

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1   Federal Rules, [the nonparty] has waived the right to object."); Fed. R. Civ. P. 45(c)(2)(B); see

2   also *Baker v. Ensign*, 2014 U.S. Dist. LEXIS 91972, at *18 * (S.D. Cal. 2014) ("A non-party's

3   failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court

4   to find that any objection has been waived.").

5          The Court would have to find unusual circumstances and good cause to consider

6   Willdan's untimely objections to the 8/15/19 Subpoena, and neither exists here. *Baker*, 2014 U.S.

7   Dist. LEXIS at *18, citing *McCoy v. Southwest Airlines, Inc.*, 211 F.R.D. 381, 385 (C.D. Cal.

8   2002). Such unusual circumstances could be when "'(1) the subpoena is overbroad on its face

9   and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in

10  good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact

11  concerning the witness' compliance prior to the time the witness challenged the legal basis for

12  the subpoena.'" *Id.* at *19, quoting *McCoy*, 211 F.R.D. at 385.

13         Here, the requests are narrowly tailored to the needs of the case and to the likelihood that

14  Willdan would be in the best position to provide the requested information. Willdan facilitates

15  payments for the Ygrene PACE Loans, issues payoff statements, and charges the fees

16  complained of in the underlying case, among other things. The requests pertain to these aspects

17  of Willdan's business, specifically with regard to its role in administering Ygrene's PACE

18  Loans. Second, it cannot be said that Willdan was acting in good faith when it ignored multiple

19  attempts to meet and confer about its complying the Subpoenas, later promised some meet-and-

20  confer only to respond with its unilateral determination that it need not even consider complying

21  until after class certification proceedings were complete and refusing to provide any authority for

22  that position, and eventually provided only boilerplate objections in response to the Subpoenas.

23  Third, Willdan had yet to respond to Plaintiffs' meet and confer efforts about the 7/2/19

24  Subpoena when it was due to respond to the 8/15/19 Subpoena, so it also cannot be said that

25  Plaintiffs and Willdan "were in contact concerning [its] compliance" before Willdan served its

26  tardy objections. *See* Anderson Dec. ¶¶ 7-15.

27         Prior to Willdan's eventual response to the 8/15/19 Subpoena, contact between Plaintiffs'

28  counsel and counsel for Willdan had consisted solely of Plaintiffs' counsel's efforts to meet and

7

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

confer about Willdan's deficient responses to the 7/2/19 Subpoena and counsel's accepting service of the 8/15/19 Subpoena. *See id.* ¶¶ 8-12. It was not until Plaintiffs were prepared to file a motion to compel on September 13, 2019 that counsel for Willdan more meaningfully responded with a phone call promising a more fulsome response to meet and confer efforts, and Willdan's objections to the 8/15/19 Subpoena had already been waived. *Id.* ¶¶ 13-16.

### D.     Plaintiffs Have a Legitimate Need to Obtain Documents from Willdan

Plaintiffs have a significant need for the discovery requested from Willdan, and Willdan has failed to articulate any burden or infringement on its rights that would justify its not producing documents responsive to the Subpoenas. *See Soto*, 162 F.R.D. at 621. Pursuant to Local Rule 37-2, each request in the 7/2/19 and 8/15/19 Subpoenas for which Plaintiffs seek a further response is addressed herein.

REQUEST NO. 1: All DOCUMENTS sufficient to demonstrate the PAYOFF STATEMENT FEE charged per BORROWER, if any, from January 2013 to present.

RESPONSE TO REQUEST NO. 1: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the grounds that the phrase "per BORROWER" is vague, ambiguous, and nonsensical. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

REQUEST NO. 2: All DOCUMENTS sufficient to demonstrate the ADMINISTRATIVE FEE charged per BORROWER, if any, from January 2013 to present.

RESPONSE TO REQUEST NO. 2: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this

ambiguous, and nonsensical. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

REQUEST NO. 3: All DOCUMENTS sufficient to demonstrate the ESCROW/CUSTODIAL FEE charged per BORROWER, if any, from January 2013 to present.

RESPONSE TO REQUEST NO. 3: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the grounds that the phrase "per BORROWER" is vague, ambiguous, and nonsensical. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

REQUEST NO. 4: All DOCUMENTS sufficient to demonstrate the PREPAYMENT PENALTY charged per BORROWER, if any, from January 2013 to present.

RESPONSE TO REQUEST NO. 4: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan' s right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the grounds that the phrase "per BORROWER" is vague, ambiguous, and nonsensical. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

REQUEST NO. 5: All DOCUMENTS sufficient to demonstrate the PREPAYMENT WAIVER FEE charged per BORROWER, if any, from January 2013 to present.

RESPONSE TO REQUEST NO. 5: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the grounds that the phrase "per BORROWER" is vague,

1    ambiguous, and nonsensical. Willdan further objects to this document request on the
ground that it is burdensome and oppressive.

2    ***Justification for Order Compelling Production of Documents Responsive to Request Nos. 1-5***

3        Plaintiffs have tried to obtain the information requested here from Ygrene, but Ygrene

4    has produced only a sampling of data that does not include information about charging a Payoff

5    Statement Fee, claiming undue burden, that it does not generate the Payoff Statement, and that it

6    has no knowledge of the Payoff Statement Fee charged. Testimony in the case is that Willdan

7    collects the PACE Loan payments on behalf of Ygrene. Also, Parcel Payoff Statement

8    documents produced in the case are purportedly signed by a representative for "Willdan

9    Financial Services" and bear a label or logo that reads "Willdan." These Parcel Payoff

10   Statements list amounts for "Redemption Amount" or prepayment penalty, "Escrow/ Custodial

11   Fee," and "Administrative Fee." Because Willdan is the first to collect payments from Ygrene

12   borrowers, it has the best evidence and firsthand knowledge of what each borrower is actually

13   charged and pays, and it is in the best position to efficiently provide the most complete

14   production of documents responsive to these requests.

15       Moreover, the information sought by these requests is relevant and valuable to the case.

16   The fees charged to Ygrene borrowers are relevant to claims that class members were

17   unreasonably charged these fees, and the document production would further define the data

18   available for ascertaining the class and the available damages calculations later in the litigation.

19   REQUEST NO. 6: All COMMUNICATIONS between You and YGRENE regarding
whether to charge a PAYOFF STATEMENT FEE in connection with PREPAYMENT.

20

21   RESPONSE TO REQUEST NO. 6: Willdan objects to this document request on the
ground that it seeks information that is neither relevant to a claim or defense in this

22   matter nor is it proportional to the needs of the case. Willdan further objects to this
document request given that responding to the document request at this time would be

23   inappropriate due to the status of the litigation. Willdan further objects to this document
request on the ground that it seeks information which is protected from discovery by the
attorney-client privilege and/or attorney work-product doctrine, or is otherwise

24   privileged. Willdan further objects to this discovery request because it violates Willdan's
right to privacy. Willdan further objects to this document request on the ground that it

25   would violate its consumers' right to privacy. Willdan further objects to this document
request on the ground that it is vague and ambiguous. Willdan further objects to this

26   document request on the ground that it is burdensome and oppressive. Willdan further
objects to this document request on the ground that is unduly burdensome to request a

27   non-party to produce these documents when the documents requested would be more
easily obtained from a party to this litigation.

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

REQUEST NO. 7: All COMMUNICATIONS between You and YGRENE regarding whether to charge an ADMINISTRATIVE FEE in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 7: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 8: All COMMUNICATIONS between You and YGRENE regarding whether to charge an ESCROW/CUSTODIAL FEE in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 8: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 9: All COMMUNICATIONS between You and YGRENE regarding whether to charge a PREPAYMENT WAIVER FEE in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 9: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more

REQUEST NO. 10: All COMMUNICATIONS between YOU and YGRENE regarding the amount of any PAYOFF STATEMENT FEE charged, including any change(s) in the amount charged, in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 10: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 11: All COMMUNICATIONS between YOU and YGRENE regarding the amount of any ADMINISTRATIVE FEE charged, including any change(s) in the amount charged, in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 11: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan' s right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 12: All COMMUNICATIONS between YOU and YGRENE regarding the amount of any ESCROW/CUSTODIAL FEE charged, including any change(s) in the amount charged, in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 12: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this

objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 13: All COMMUNICATIONS between YOU and YGRENE regarding the amount of any PREPAYMENT WAIVER FEE charged, including any change(s) in the amount charged, in connection with PREPAYMENT.

RESPONSE TO REQUEST NO. 13: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan' s right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that it is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

### *Justification for Order Compelling Production of Documents Responsive to Request Nos. 6-13*

These requests ask that Willdan provide communications it had with Ygrene about whether to charge the various fees at issue in this case and the amounts of those fees, including any change(s) in the amounts charged. Plaintiffs have requested communications about charging these fees and their amounts from Ygrene, and Ygrene states that virtually none exist. If no such documents are within Willdan's possession, custody or control, it can say so. However, because Willdan collected PACE Loan payments for Ygrene, there must be some communication(s) between Willdan and Ygrene about what would be charged. In addition, communications about charging these fees is relevant to determining when the fees were charged, further aiding the parties in defining the class period.

REQUEST NO. 14: All DOCUMENTS that REFER or RELATE TO any formal or informal complaints YOU received REGARDING YGRENE.

RESPONSE TO REQUEST NO. 14: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it

would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the grounds that it is overbroad to the issues of the litigation.

REQUEST NO. 15: All DOCUMENTS that REFER or RELATE TO any formal or informal complaints YOU received REGARDING PACE Loans.

RESPONSE TO REQUEST NO. 15: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the grounds that it is overbroad to the issues of the litigation.

***Justification for Order Compelling Production of Documents Responsive to Request Nos. 14-15***

These requests ask for documents showing complaints Willdan received about Ygrene and PACE Loans. Only Willdan can provide documents responsive to this request, to the extent any exist. Plaintiffs offered to table these requests for a later date, without waiving any rights, given the procedural posture of the case back in August and the more pressing need for Willdan to provide documents responsive to other requests discussed here. With Judge Beeler's indicating she will issue an amended order certifying classes and Plaintiffs now having to burden the Court with a motion for further responses to the 7/2/19 Subpoena, Plaintiffs request that any such Order include responses to these requests so as to avoid any need to re-visit these requests at a later date.

REQUEST NO. 16: All DOCUMENTS that REFER or RELATE TO any government or regulatory agency inquiry or investigation REFERRING or RELATED TO YGRENE.

RESPONSE TO REQUEST NO. 16: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the

privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 17: All DOCUMENTS that REFER or RELATE TO any government or regulatory agency inquiry or investigation REFERRING or RELATED TO PACE Loans.

RESPONSE TO REQUEST NO. 17: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

***Justification for Order Compelling Production of Documents Responsive to Request Nos. 16-17***

These requests ask for documents related to any government or regulatory inquiry pertaining to Ygrene and PACE Loans. Only Willdan can provide documents it has received or generated that are responsive to this request. Again, Plaintiffs offered to table these requests for a later date, without waiving any rights, given the procedural posture of the case at that time and the more pressing need for Willdan to provide documents responsive to other requests discussed here. With Judge Beeler's indicating she will issue an amended order certifying classes and Plaintiffs now having to burden the Court with a motion for further responses to the 7/2/19 Subpoena, Plaintiffs request that any such Order include responses to these requests so as to avoid any need to re-visit these requests by Court intervention at a later date.

REQUEST NO. 18: All contracts or agreements between YOU and YGRENE that REFER or RELATE TO PACE Loans.

RESPONSE TO REQUEST NO. 18: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this

document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

**_Justification for Order Compelling Production of Documents Responsive to Request No. 18_**

This request for contracts between Willdan and Ygrene is relevant to determining the nature of the relationship between the two companies, and it should be a relatively simple and easy request to fulfill without much burden. Plaintiffs requested confirmation from Willdan that it would not object to Ygrene's providing documents responsive to this request in their March 3 letter because Ygrene may ostensibly object to such a request on ground of third-party privacy, and Willdan has not provided that confirmation. *See* Anderson Dec. ¶ 17, Ex. K.

REQUEST NO. 19: All DOCUMENTS REFERRING or RELATED TO revenue received by YOU from YGRENE.

RESPONSE TO REQUEST NO. 19: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan' s right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

REQUEST NO. 20: All DOCUMENTS REFERRING or RELATED TO earnings YOU received in connection with Ygrene PACE Loans.

RESPONSE TO REQUEST NO. 20: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it

request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

***Justification for Order Compelling Production of Documents Responsive to Request Nos. 19-20***

These requests ask for revenue and earnings Willdan received from Ygrene and in connection with Ygrene's PACE Loans. This information is relevant to Plaintiffs' claims that Ygrene charged unreasonable fees in connection with its PACE Loans. Because Ygrene used Willdan to collect those fees, Willdan is the best source of information about revenue and earnings collected in connection with Ygrene PACE Loans.

REQUEST NO. 21: All COMMUNICATIONS between YOU and YGRENE that REFER or RELATE TO the likelihood of PREPAYMENT of a PACE Loan in the event of a sale or refinance of a property by a PACE Loan BORROWER.

RESPONSE TO REQUEST NO. 21: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive.

***Justification for Order Compelling Production of Documents Responsive to Request No. 21***

This request asks for communications between Willdan and Ygrene about the likelihood of Prepayment of PACE Loans in the event of a sale or refinance of a property encumbered by a Ygrene PACE Loan, which is information relevant to key representations at issue in the case. Plaintiffs have requested such communications from Ygrene, and Ygrene states that virtually none exist. If no such documents are within Willdan's possession, custody or control, it can so state.

REQUEST NO. 22: For instances known to YOU in which a property encumbered by a PACE Loan was sold and transferred to a new property owner without PREPAYMENT of the PACE Loan from January 1, 2013 to present, produce all DOCUMENTS sufficient to Identify (a) the original BORROWER, (b) the address of the property encumbered by the PACE Loan, and (c) the subsequent property owner for each such transfer of a PACE Loan obligation.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

RESPONSE TO REQUEST NO. 22: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at □is time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 23: For instances known to YOU in which a property encumbered by a PACE Loan was sold and transferred to a new property owner without PREPAYMENT of the PACE Loan from January 1, 2013 to present, produce all DOCUMENTS sufficient to identify any ADMINISTRATIVE FEE assessed to the original Borrower and/or the new property owner for each such transfer.

RESPONSE TO REQUEST NO. 23: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a - non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 24: For instances known to YOU in which a property encumbered by a PACE Loan was sold and transferred to a new property owner without PREPAYMENT of the PACE Loan from January 1, 2013 to present, produce all DOCUMENTS sufficient to identify any ESCROW / CUSTODIAL FEE assessed to the original Borrower and/or the new property owner for each such transfer.

RESPONSE TO REQUEST NO. 24: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this

objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 25: For instances known to YOU in which a Borrower was able to refinance without PREPAYMENT of the PACE Loan from January 1, 2013 to present, produce all DOCUMENTS sufficient to Identify (a) the original BORROWER and (b) the address of the property encumbered by the PACE Loan for each such instance.

RESPONSE TO REQUEST NO. 25: Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan's right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

REQUEST NO. 26: For instances known to YOU in which a Borrower was able to refinance without PREPAYMENT of the PACE Loan from January 1, 2013 to present, produce all DOCUMENTS sufficient to identify any ADMINISTRATIVE FEE assessed, if any, to the original BORROWER and/or the new property owner because of each such refinance.

RESPONSE TO REQUEST NO. 26 (Erroneously labeled as "RESPONSE TO REQUEST NO. 5"): Willdan objects to this document request on the ground that it seeks information that is neither relevant to a claim or defense in this matter nor is it proportional to the needs of the case. Willdan further objects to this document request given that responding to the document request at this time would be inappropriate due to the status of the litigation. Willdan further objects to this document request on the ground that it seeks information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or is otherwise privileged. Willdan further objects to this discovery request because it violates Willdan' s right to privacy. Willdan further objects to this document request on the ground that it would violate its consumers' right to privacy. Willdan further objects to this document request on the ground that it is vague and ambiguous. Willdan further objects to this document request on the ground that it is burdensome and oppressive. Willdan further objects to this document request on the ground that is unduly burdensome to request a non-party to produce these documents when the documents requested would be more easily obtained from a party to this litigation.

***Justification for Order Compelling Production of Documents Responsive to Request Nos. 22-26***

Willdan responded to the 8/15/19 Subpoena for documents with the same, insufficient and boilerplate objections of burden, oppression, and privacy. As previously noted hereinabove,

1    Judge Beeler has found similar objections by Ygrene to be "too conclusory" to be evaluated,

2    citing *Walker*, 186 F.R.D. at 587 ("Boilerplate, generalized objections are inadequate and

3    tantamount to not making any objection at all"). In any event, Willdan's objections to the

4    8/15/19 Subpoena were waived when it failed to timely respond to the subpoena. *See* § III.C,

5    *supra*.

6          Virtually identical document requests were posed to Ygrene, but those prior requests are

7    inconsequential to Plaintiffs' subpoena to Willdan. Ygrene has not provided any documents that

8    identify the fees assessed for any obligations transferred between property owners or remaining

9    after a refinance, and the requests are tied specifically to what is known to Willdan, not Ygrene.

10   Moreover, Willdan is in the best position to provide records of the subject fees and penalties it

11   charged and collected from Ygrene borrowers.

12   **E.       Willdan's Counsel Failed to Meet and Confer**

13         Plaintiffs served their first Notice of Service of Subpoena and Subpoena to Produce

14   Documents, Information, or Objects or to Permit Inspection of Premises in a civil action

15   directed to Willdan on July 2, 2019. Anderson Dec. ¶ 5, Ex. B. Service was confirmed on

16   July 5, 2019. Willdan served its Objections and Responses to Plaintiffs' Subpoena to Produce

17   Documents by email on July 17, 2019. *Id*. ¶ 6, Ex. C. Plaintiffs' counsel sent a detailed meet-

18   and-confer letter to Willdan's counsel on August 1, 2019, requesting a privilege log, any

19   further, written meet and confer so desired, and responsive documents on or before August

20   12, 2019. *Id*. ¶ 7, Ex. D. This letter also indicated that counsel should be in contact should he

21   need additional time to respond. *Id*.

22         Having not received anything in response to the meet-and-confer letter, Plaintiffs'

23   counsel phoned Willdan's counsel, David Bolstad, on August 14, 2019 and left a message

24   indicating that a motion to compel would soon follow and inviting him to call to discuss. *Id*.

25   ¶ 8. Mr. Bolstad returned the call on August 15, 2019, stating that the meet-and-confer letter

26   had gone to his email spam folder, that "[they] are going to cooperate" but need more time,

27   and that a response to the letter would come by August 23. *Id*. ¶ 9. Plaintiffs' counsel further

28   requested by email on August 15, 2019 that Mr. Bolstad's office accept service of an

20

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1    additional subpoena with five additional document requests, and Mr. Bolstad agreed to

2    accept service. *Id.* ¶ 10. Plaintiffs then served the 8/15/19 Subpoena to Willdan, indicating

3    that compliance was due on September 5, 2019. *Id.* ¶ 11.

4         The August 23 deadline pertaining to the 7/2/19 Subpoena came and went, and on

5    August 26, 2019, Mr. Bolstad emailed asking if Plaintiffs' counsel would be available on

6    Wednesday, August 28 to discuss the responses. *Id.* ¶ 12. Plaintiffs' counsel agreed and

7    asked whether the response to the initial meet-and-confer letter was still forthcoming. *Id.*

8    Nothing more was heard from Willdan's counsel until an email sent Saturday, September 7

9    asking whether Plaintiffs' counsel was available to discuss after 5 p.m. the following day – a

10   Sunday. *Id.* Plaintiffs' counsel responded on Monday, September 9, with availability all that

11   day until about 6 p.m. *Id.* Mr. Bolstad emailed on Wednesday, September 11 that he would

12   have his partner, Jerome Jauffret, contact Plaintiffs' counsel about the "document subpoena."

13   *Id.*

14        Mr. Jauffret finally called Plaintiffs' counsel the afternoon of Friday, September 13

15   and was advised that Plaintiffs planned to file a motion to compel that day. *Id.* ¶ 13. Mr.

16   Jauffret asked for additional time to get up to speed on the issues and discuss with his client

17   early the next week, and Plaintiffs' counsel agreed to hold off on filing a motion to compel.

18   *Id.* Additional follow-up to Mr. Jauffret the next week included Plaintiffs' position that

19   Willdan had waived its objections to the 8/15/19 Subpoena. *Id.* ¶ 15, Ex. I.

20        Willdan finally responded to Plaintiffs' August 1 letter on September 20, 2019 with

21   blanket statements without any researched analysis, indication that it would not consider

22   producing documents until the underlying court issued a class certification order, if any, and

23   demands that Plaintiffs prove they had previously made the same requests to Ygrene. *Id.* ¶

24   16, Ex. J. This September 20 letter did not address the 8/15/19 Subpoena. *See id.*

25        Once Judge Beeler released the court's initial, January 6, 2020 Order Certifying

26   Classes to the public docket on March 3, 2020, Plaintiffs sent another letter to Willdan two

27   days later. This March 5, 2020 letter addressed the September 20 letter, advised that Judge

28   Beeler had issued an Order Certifying Classes, provided further justification for the requests

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1   in the 8/15/19 Subpoena, and noted that Judge Beeler's Standing Order pertaining to

2   discovery disputes pertains only to the parties of the litigation. *Id*. ¶ 17, Ex. K.

3       Willdan responded on March 27, stating that it will not consider producing

4   documents in response to the Subpoenas until Ygrene's Motion for Reconsideration of the

5   Order Certifying Classes and Ygrene's Petition to Appeal the Order Certifying Classes are

6   resolved, again without providing any authoritative support to justify its position. *Id*. ¶ 18,

7   Ex. L. Willdan further complained that there had been no mention of Judge Beeler's having

8   granted leave for Ygrene to pursue its Motion for Reconsideration—a nonexistent fact at the

9   time of Plaintiffs' March 3 letter—or of Ygrene's Petition to Appeal the Class Certification

10  Order—a fact of no consequence since one could only speculate as to whether the Court of

11  Appeal would grant the Petition and because the litigation would not be stayed pending the

12  outcome of the appeal even if Ygrene's Petition was granted.[3] *See id*.

13      Finally, Willdan insists that further meet and confer be done "in accordance with the

14  procedures for discovery disputes set forth in Judge Beeler's Standing Order." *Id*. Judge

15  Beeler's Standing Order pertaining to Discovery Disputes applies only to "the parties",

16  referring to "either party," "plaintiff's counsel," and "defense counsel" throughout, and

17  Willdan has provided no basis for its assertion that these provisions apply to a non-party like

18  Willdan. *Id*. ¶ 19, Ex. M; *see also id*.

19      Willdan's failure to address Plaintiffs' researched and reasoned points made as to

20  why the requests in the Subpoenas are justified and warrant compliance amounts to

21  Willdan's refusing to meet and confer altogether.

22  **V.    CONCLUSION**

23      Based on the foregoing, Plaintiffs respectfully request an Order Granting the Motion to

24  Compel Production of Documents pursuant to the Subpoenas issued to non-party Willdan

25  Financial Services, and for an Order deeming objections to the 8/15/19 Subpoena waived.

26

27

28  [3] Ygrene filed its Motion for Reconsideration on...

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

1    Dated:  April 27, 2020          **KASDAN LIPPSMITH WEBER TURNER LLP**

2

3                                    By:    _/s/ Graham B. LippSmith_____
                                            GRAHAM B. LIPPSMITH
4                                           JACLYN L. ANDERSON

5                                    **KALIEL PLLC**
                                     JEFFREY D. KALIEL
6                                    SOPHIA GOREN GOLD

7                                    **HIRALDO P.A.**
                                     MANUEL S. HIRALDO
8

9                                    Attorneys for Plaintiffs and the Classes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
     DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL
     SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
     PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. I am an employee of or agent for Kasdan LippSmith Weber Turner LLP, whose business address is 360 East 2nd Street, Suite 300, Los Angeles, CA 90012.

I hereby certify that on April 27, 2020, I served the foregoing document, **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICES** to the following parties in this action addressed as follows:

☑ (BY ELECTRONIC SERVICE) Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BUCKLEY LLP**
Frederick S. Levin (State Bar No. 187603)
flevin@buckleyfirm.com
Ali M. Abugheida (State Bar No. 285284)
aabugheida@buckleyfirm.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401

*Attorneys for Defendants Ygrene Energy Fund,*
*Inc. and Ygrene Energy Fund Florida, LLC*

☑ (BY MAIL) I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☑ (BY ELECTRONIC SERVICE) I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**

**SAFARIAN CHOI & BOLSTAD, LLP**
David C. Bolstad
dbolstad@safarianchoi.com
Michael Coleman
mcoleman@safarianchoi.com
555 S. Flower Street, Suite 650
Los Angeles, CA  90071

*Attorneys for Non-Party*
*Willdan Financial Services*

Executed on April 27, 2020 in Los Angeles, California. I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Niki B. Smith

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO NON-PARTY WILLDAN FINANCIAL SERVICESPLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO NON-PARTY WILLDAN FINANCIAL SERVICES**